IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAMIR IQBAL | § | |
| | § | |
| Plaintiff | § | |
| V. | § | Civil Action No. |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| RIO GRANDE VALLEY | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff, for his Complaint against Defendant, would show as follows:

### Parties

1. Plaintiff is an individual of the South Asian race, Pakistani national origin and of the Muslim religion.

2. Defendant is a governmental unit of the State of Texas and may be served with summons through its President at 1201 W. University Dr., Edinburg, Texas 76019.

### Jurisdiction

3. Jurisdiction exists under 28 U.S.C. § 1332 based on the existence of a federal question based on Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claim under the Texas Labor Code.

### Venue

4. Venue is proper as the conduct of Defendant on which this suit is based occurred in this District.

Facts

5. Plaintiff was employed by Defendant as chair, with tenure, of its electrical engineering department in September 2017 after a worldwide search. Plaintiff was the only, and remains the only, professor of the South Asian race, Pakistan national origin and Muslim religion in the department.

6. In February 2018, Defendant hired a new Provost, Patricia Alvarez McHatton, who, among other things, fired the dean of the department of engineering of Defendant and replaced him with an individual, Ala Qubbaj, who worked with McHatton in her previous position with Defendant. In April 2018, Qubbaj removed Plaintiff as chair of Defendant's electrical engineering department and replaced him with an individual of South Indian race, Indian national origin and the Christian religion, John Abraham. Abraham lacked necessary qualifications for the position, including not being an electrical engineer, but nevertheless replaced Plaintiff by Abraham based on favoritism for him over Plaintiff by McHatton and Qubbaj.

7. In being demoted, and after being demoted, Plaintiff was subjected to discrimination on the basis of race, national origin and religion by Abraham, known to, and tolerated and encouraged by, McHatton and Qubbaj, Plaintiff was also further subjected to discrimination based on his race, religion and national origin, and was subjected to retaliation, including by the following:

    a. Plaintiff was not allowed to roll over his year one research startup funds to year two, a decision not imposed upon any other engineering professors of Defendant by Abraham, leading to the necessity of involvement of the Faculty Senate of Defendant;

    b. On several occasions, Plaintiff was threatened with the removal of his startup research funds, a threat not imposed upon any other engineering professor of Defendant;

c. Plaintiff was denied opportunities by Abraham to attend conferences related to his field of expertise, a decision in each case not imposed upon any other engineering professor at Defendant, leading again to the necessity of involvement of the Faculty Senate;

d. Plaintiff was excluded by Abraham from all committee memberships despite the critical of committee work as part of Plaintiff's annual faculty evaluation, a decision in each case not imposed upon any other engineering professor at Defendant, leading again to the necessity of involvement of the Faculty Senate;

e. Defendant attempted to block use of lab space and equipment by all students of Plaintiff, a decision in each case not imposed upon any other engineering professor at Defendant, leading with the necessity of involvement of the Faculty Senate;

f. Computers were unnecessarily purchased for Plaintiff's lab without his knowledge, and when Plaintiff complained, Abraham falsely reported to Qubbaj that Plaintiff had been insubordinate;

g. Plaintiff was directed to teach a new course not in his area of expertise in September 2018 and January 2019;

h. Plaintiff was prevented by Abraham from gaining access to an assigned office space and another faculty member was authorized to use the same space, unlike any other professor in the engineering department;

i. Without seeking permission, Abraham utilized a master key to gain access to Plaintiff's assigned office; unlike any other professor in the engineering department;

j. A preapproved graduate assistantship for Plaintiff's wife was agreed as part of Plaintiff's recruitment by Defendant but Abraham canceled this assistantship without cause;

k. Plaintiff was denied an 'Outside Activity' request despite state professional licensure requirements dictating that he participate in such activity, unlike any other professor in the engineering department; on inquiry by Plaintiff, it was revealed that the request was approved by Abraham because Plaintiff was absent from Friday faculty meetings even though he had previously notified Abraham of his religious obligations precluding such attendance;

l. At the direction of Abraham, there was a delay in travel reimbursements for Plaintiff for pre-approved expenditures and incidentals for international trips including Turkey, Malaysia, Ecuador and the United Kingdom beginning in July 2018;

m. At the direction of Abraham, there was a delay in reimbursement for two relevant journal publication charges, causing one publisher to seek reimbursement directly from Plaintiff, unlike any other professor in the engineering department;

8. After the actions referred to in subparagraph (a) through (m), Plaintiff made a formal internal complaint of discrimination on the basis of race, national original and religion with Defendant against Abraham on March 4, 2019 and also complained of retaliation by Abraham to his objections to such discrimination by the claim of insubordination referred to in subparagraph (f) and circulation of false statements concerning Plaintiff to other faculty members of Defendant.

9. After Plaintiff's internal formal complaint of discrimination and retaliation, Abraham continued his discrimination and retaliation as follows:

a. Abraham threatened to terminate Plaintiff, including revoke his tenure, and then misrepresented his communications with Plaintiff in that regard to third parties, including higher-level administrators of Defendant, resulting in Plaintiff improperly being placed by McHatton and Qubbaj, at the insistence of Abraham, on suspension in May 2019 without pay and benefits for six months even while his internal complaint of retaliation and discrimination had not been concluded;

b. Plaintiff was directed to teach a new course not in his area of expertise every semester in January 2020, August 2020 and January 2021 under the influence of Abraham, Qubbaj and McHatton.

c. Reimbursements for travel for Plaintiff continue to be denied by Defendant under the influence of Abraham and Qubbaj.

d. Plaintiff's internal complaint of discrimination and retaliation was not properly included, and is still pending as of the date of filing of this Complaint approximately 2 years after it was filed.

10. All of the actions referred to in subparagraphs 8(a) through (m) and 9(a) through (d) represented actionable discrimination or retaliation under Title VII of the Civil Rights Act of 1964 and Texas Labor Code as representing disparate treatment of Plaintiff from other similarly situated individuals employed by Defendant not of the South Asian race, Pakistani national origin or the Muslim religion or as motivated, at least in part, by bias against Plaintiff because of his being of the South Asian race, Pakistani national origin or the Muslim religion.

11. On December 16, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission covering some or all of the events referred to in paragraphs 5 through 9. Plaintiff has timely filed this civil action within 90 days of his receipt of a notice of right to sue with respect to that charge of discrimination.

12. Plaintiff, as a consequence of the discrimination to which he has been subjected by Defendant, has suffered economic damages in the form of lost compensation and benefits, and has also suffered compensatory damages, including pecuniary damages in the form of loss of research funding and loss of students available to work on research projects, and non-Junior damages in the

form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life. Plaintiff is also suffered a loss of reputation.

## Claims

13. For his first cause of action, Plaintiff would show that he was subjected to discrimination based on his race, religion and national origin, and to retaliation, in violation of title VII of the Civil Rights Act of 1964. He is accordingly to recover her actual damages, including compensatory damages, attorney's fees, prejudgment interest and costs of court.

14. For his second cause of action, Plaintiff would show that he was subjected to discrimination based on his race, religion and national origin, and to retaliation, in violation of the Texas Labor Code. He is accordingly to recover her actual damages, including compensatory damages, attorney's fees, prejudgment interest and costs of court

15. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which he is entitled.

Respectfully submitted,

/s/Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No.08158100
SD Bar No. 278353
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

ATTORNEY FOR PLAINTIFF