UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAMIR IQBAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00081 |
| § | |
| UNIVERSITY OF TEXAS RIO GRANDE § | |
| VALLEY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Motion to Dismiss Plaintiff's Texas Labor Code Claims."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

This is an employment discrimination case. Plaintiff Samir Iqbal alleges that he was employed as Defendant University of Texas Rio Grande Valley's (UTRGV's) chair of its electrical engineering department and is the only "professor of the South Asian race, Pakistan national origin and Muslim religion in the department."[3] Plaintiff alleges that, beginning in 2018, UTRGV hired a new provost who began to play favorites, resulting in discrimination on the basis of protected class against Plaintiff such as restrictions on funding not imposed on any other professor in the department.[4] Plaintiff alleges that he filed a formal charge of discrimination with the federal Equal

---

[1] Dkt. No. 16.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1 at 2, ¶ 5.
[4] *Id.* at 2–3, ¶¶ 6–7.

Employment Opportunity Commission on December 16, 2019, and filed his complaint on March 4, 2021, within ninety days of his receipt of a "notice of right to sue with respect to that charge of discrimination."[5] Plaintiff brings two claims for actionable employment discrimination, one under Title VII of the Civil Rights Act of 1964 and one under the Texas Labor Code.[6]

Defendant now moves to dismiss only Plaintiff's Texas Labor Code claim pursuant to Federal Rule of Civil Procedure 12(b)(1).[7] However, as a threshold matter, the Court notes that Defendant's motion lacks numbered paragraphs entirely, hindering the Court's reference to Defendant's arguments. The Court cautions Defendant that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[8] In any case, Plaintiff failed to respond to Defendant's motion within the twenty-one days allowed by Local Rule 7.4.A, so Defendant's motion is unopposed pursuant to Local Rule 7.4. The Court turns to its analysis.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits motions to dismiss for "lack of subject-matter jurisdiction." It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[9] Therefore, the Court must address 12(b)(1) motions and "find jurisdiction before determining the

---

[5] *Id.* at 5, ¶ 11.
[6] *Id.* at 6, ¶¶ 13–14.
[7] Dkt. No. 16 at 1.
[8] Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); Fed. R. Civ. P. 10(b) (emphasis added)("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").
[9] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

validity of a claim,"[10] which is a rule "inflexible and without exception."[11] "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim,"[12] because federal courts only have jurisdiction to decide controversies as conferred by the United States Constitution or by statute.[13] While the Court has jurisdiction to determine its jurisdiction,[14] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[15] If any party attacks the Court's jurisdiction, "the party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss."[16] In assessing the Court's jurisdiction, "the district court is to accept as true the allegations and facts set forth in the complaint,"[17] and may "dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[18] Accordingly, the Court may consider evidence outside the pleadings to determine subject matter jurisdiction.[19] Ultimately, "[a] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[20]

    b. **Analysis**

---

[10] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quotation omitted).
[11] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quotation omitted).
[12] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)).
[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[14] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[15] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[16] *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).
[17] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).
[18] *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).
[19] *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[20] *Choice Inc. of Tex.*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

Defendant UTRGV argues that, as a state agency, Plaintiff's state law claims against it are barred by the Eleventh Amendment and sovereign immunity.[21] The United States Supreme Court held that, "in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."[22] Eleventh Amendment immunity bars all relief except "prospective injunctive relief against a state officer acting in his official capacity based on an alleged ongoing violation of the Constitution."[23] Defendant UTRGV asserts, and this Court agrees, that it is a state agency entitled to Eleventh Amendment immunity.[24] The Texas Labor Code does not waive or abrogate Defendant's immunity.[25] Supplemental jurisdiction does not waive or abrogate Defendant's immunity.[26]

### III. HOLDING

For the foregoing reasons, and in the absence of any opposition, the Court agrees that Defendant UTRGV is entitled to Eleventh Amendment sovereign immunity against Plaintiff's Texas Labor Code claim. The Court therefore **GRANTS** Defendant's motion to dismiss.[27] The Court lacks jurisdiction to adjudicate Plaintiff's Texas Labor Code claim. Plaintiff's claim against Defendant under the Texas Labor Code[28] is **DISMISSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of November 2021.

_____
Micaela Alvarez
United States District Judge

---

[21] Dkt. No. 16 at 4–5, §§ A–B.
[22] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).
[23] *Wetherbe v. Texas Tech Univ. Sys.*, 699 F. App'x 297, 302 (5th Cir. 2017) (per curiam).
[24] Dkt. No. 16 at 4, § A (first citing *Alcantara v. Univ. of Hous.*, No. 4:14-cv-463, 2016 WL 4040123, at *2 (S.D. Tex. July 28, 2016) (Atlas, J.) (collecting cases); then citing *Hencerling v. Tex. A&M Univ.*, 986 S.W.2d 373, 374 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("State universities are agencies of the State and enjoy sovereign immunity."); and then citing *Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 469 F. App'x 364, 366 (5th Cir. 2012) (per curiam) ("As a public university, UTHealth enjoys the state's sovereign immunity.")).
[25] *See Hernandez v. Tex. Dep't of Hum. Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004) (per curiam) (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002)); *Swanson v. R.R. Comm'n of Tex.*, No. 2:11-cv-80, 2011 WL 2039601, at *4 (S.D. Tex. May 24, 2011) (Jack, J.)).
[26] *Hernandez*, 91 F. App'x at 935 & n.3 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).
[27] Dkt. No. 16.
[28] Dkt. No. 1 at 6, ¶ 14.